**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LARRY E KLAYMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-02526-M |
| | § | |
| JULIA PORTER, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

# ORDER

Before the Court is Defendants' Motion to Transfer Venue [ECF No. 10]. For the reasons set forth below, the Motion is **GRANTED**.

**I.     BACKGROUND**

On August 26, 2020, Plaintiff Larry Klayman filed suit against Defendants Julia Porter, Hamilton Fox, and Lawrence Bloom in the Northern District of Texas, alleging that Defendants, in their roles as officials of the District of Columbia Bar's Office of Disciplinary Counsel ("ODC"), sent letters to every jurisdiction in which Plaintiff was admitted to practice, including this jurisdiction, providing notice that the District of Columbia Bar had suspended Plaintiff, and claiming that the sending of such letters constituted tortious interference and abuse of process.

Prior to his suspension, Plaintiff had been admitted to practice law in the District of Columbia for approximately forty years. Plaintiff maintains his law office in the District of Columbia. Defendants are all officials of the ODC, which is an entity established by the District of Columbia Court of Appeals to serve as the chief prosecutor for disciplinary matters involving attorneys subject to its disciplinary jurisdiction.

## II.     LEGAL STANDARD

A federal district court may transfer a civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  District courts have discretion to adjudicate motions to transfer on an individualized, case-by-case basis.  *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, 2008 WL 3890495, at *1 (N.D. Tex. Aug. 22, 2008) (Lynn, J.).  In the Fifth Circuit, a district court should grant transfer if the party seeking a change of venue has demonstrated that the transferee venue "is clearly more convenient" than the plaintiff's chosen venue.  *In re Volkswagen of Am., Inc., (Volkswagen II)*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

A court must consider a number of private and public interest factors when analyzing a motion to transfer venue.  The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re Volkswagen AG, (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004).  The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law.  *Id*.  A plaintiff's choice of venue is not a distinct factor in the § 1404(a) analysis, but "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."  *Volkswagen II*, 545 F.3d at 311.

The parties do not dispute that the suit could have been filed in the District of Columbia. Thus, this Court must determine whether, in the interests of justice, the private and public interest factors support a transfer to the District of Columbia.

## III. ANALYSIS

*Private Interest Factors*

1. Relative Ease of Access to Sources of Proof

Due to increasing technological advances, access to some types of proof presents a lesser inconvenience than it once did; however, the fact that technology reduces the inconvenience does not render this factor superfluous. *Volkswagen II*, 545 F.3d at 315. Defendants argue that this case does not require discovery, as it can be decided based on the legal doctrine of absolute immunity and the District of Columbia Bar Rules. In fact, Defendants argue, this case involves only one document, which is attached to the Complaint. Further, even if the parties required discovery, transfer of this case to the District of Columbia would provide for the least costly means of conducting discovery. Plaintiff does not dispute these characterizations. Plaintiff argues, however, that the Northern District of Texas is the only judicial district where a substantial part of the events giving rise to the claim occurred, as the alleged tortious interference occurred in this district and the communication from Defendants was sent to this Court. Defendants reply that, as is customary, the letter that Plaintiff complains of was sent in the ordinary course to all jurisdictions in which Plaintiff, as a lawyer, was admitted, not just the Northern District of Texas. Neither party alleges that any other specific documents will be more accessible if this case is tried in Texas instead of the District of Columbia, or vice versa. This factor is thus neutral.

2. Availability of Compulsory Process to Secure the Attendance of Witnesses

A party seeking transfer must "identify the key witnesses and general content of their testimony." *Sargent v. Sun Trust Bank, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004). When a greater number of key non-party witnesses could be subpoenaed to attend a trial in the potential transferee forum, but not in the current forum, this factor favors transfer. *Internet Mach. LLC v. Alienware Corp.*, 2011 WL 2292961, at *6 (E.D. Tex. June 7, 2011). Convenience of witnesses is the most important factor in considering transfer. *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003).

Plaintiff argues that potential witnesses, specifically "members of this Court, as well as clients [Plaintiff] represents before this Court," are all located in the Northern District of Texas. Pl's Resp. at 2. Defendants argue that Plaintiff has failed to explicitly identify any witnesses he plans to call or why the testimony of judges or clients in this jurisdiction is proper or material. Further, Defendants argue that because all parties reside in or maintain offices in the District of Columbia, it is the proper venue for this case. Because Plaintiff has not identified any specific and proper material non-party witnesses located in the Northern District of Texas, this factor weighs in favor of transfer.

3. Cost of Attendance for Willing Witnesses

The convenience of witnesses who are employees of the party seeking transfer is entitled to less weight because the parties can presumably compel their employees' testimony at trial. *Comcast Cable Commc'ns, LLC v. British Telecomm. PLC*, 2012 WL 6625359, at *4 (N.D. Tex. Dec. 20, 2012) (Lynn, J.). However, the Court must still consider the convenience of both the party and non-party witnesses. *Volkswagen I*, 271 F.3d at 204. Neither party has identified any specific proper and material non-party witnesses, and so this factor weighs in favor of transfer, as

all of the parties are employed in the District of Columbia, and none of the Defendants have any significant connection to Texas.

    4. All Other Practical Problems

The fourth private interest factor is a catch-all consideration that includes all other problems that encourage easy, expeditious, and inexpensive trials. The "existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (applying the Fifth Circuit's venue test). Defendants have referenced four other lawsuits brought by Plaintiff that involve the same general parties (Defendant Julia Porter, the Office of Disciplinary Counsel, and the President of the District of Columbia Bar) and allege substantially similar claims of abuse of process regarding disciplinary proceedings regarding Plaintiff's practice of law. Two of those cases, both filed in federal court in the District of Columbia, were dismissed by the district court and jointly affirmed by the D.C. Court of Appeals. *Klayman v. Lim*, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020). A third case filed in the D.C. Superior Court was dismissed with prejudice. *Klayman v. Porter*, No. 2020 CA 000756 B (D.C. Super. Oct. 1, 2020). A fourth case involving the same Defendants was filed in the Western District of Texas and was recently transferred to the District of Columbia. *Klayman v. Porter, et al.*, No. 1:20-cv-1014-LY (W.D. Tex. Oct. 29, 2019). This case is substantially related to the case recently transferred from the Western District of Texas to the District of Columbia, and denial of the Motion to Transfer Venue would result in a duplication of efforts and expenses, so this factor weighs in favor of transfer.

  *Public Interest Factors*

    1. Administrative Difficulties Flowing From Court Congestion

The first public interest factor evaluates the comparative administrative difficulties due to court congestion in the potential venues. Neither party suggests that court congestion is a concern in this matter, and neither district is in a state of judicial emergency. Therefore, this factor is neutral.

2. Local Interest in Having Localized Interests Decided at Home

The Court's analysis of the public interest factors is primarily directed to the second factor: the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. The second public interest factor "generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008). The local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

All parties either reside or maintain offices in the District of Columbia. Plaintiff resides in Florida and maintains his law office in the District of Columbia. Defendants are all employed in the District of Columbia. The disciplinary proceedings that preceded Defendants' alleged conduct occurred in the District of Columbia. The alleged conduct involves a letter which Defendants sent in the ordinary course of business to all jurisdictions in which the Plaintiff was admitted. The District of Columbia is the venue with the greatest localized interest. This factor thus favors transfer.

3. Familiarity of the Forum with the Law that Will Govern the Case

The third public interest factor addresses the familiarity of the forum with the law that will govern the case. Although both courts are familiar with the law governing tortious

interference and abuse of process, the District of Columbia has greater familiarity with the District of Columbia Bar's rules and procedures. This factor thus weighs in favor of transfer.

    4. Avoiding Conflict of Laws

The fourth public interest factor considers the avoidance of unnecessary problems of conflict of laws or the application of foreign laws. Both venues involve federal district courts, and the proceedings will be conducted under the Federal Rules of Civil Procedure. There are no apparent conflicts of law. Thus, the fourth public interest factor is neutral.

## IV. CONCLUSION

Because five of the § 1404(a) factors favor transfer and three are neutral, the balance of convenience and justice weighs in favor of transfer. Therefore, Defendants' Motion to Transfer Venue is **GRANTED**. This case is transferred to the District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a). The Clerk is directed to close this case after transferring it to the District Court for the District of Columbia.

  **SO ORDERED**.

  December 7, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE